UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX WALLS,

        Plaintiff,

                                  CASE NO. 2:06-CV-12009
v.                                       HONORABLE NANCY G. EDMUNDS

ROBERT H. CLELAND,
JOHN DOES 1-5,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.    Introduction

Before the Court is Plaintiff Felix Walls' *pro se* civil rights complaint, seemingly filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents fo the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is a federal prisoner currently confined at the United States Penitentiary Victorville in Adelanto, California. Plaintiff has paid the filing fee for this action. In his complaint, Plaintiff names United States District Judge Robert H. Cleland and John Does 1-5 as defendants, claiming that Judge Cleland imposed an illegal sentence in Plaintiff's criminal proceedings.[1] Plaintiff seeks declaratory judgment, monetary damages, and other appropriate relief. Having reviewed the complaint, the Court dismisses it on the basis of

---

[1]The United States Court of Appeals affirmed Plaintiff's criminal conspiracy convictions but vacated the sentence imposed by Judge Cleland and remanded the case for resentencing. *See United States v. Walls*, 148 Fed. Appx. 286, 291 (6th Cir. 2005).

immunity and for failure to state a claim upon which relief may be granted.

II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

First, Plaintiff names as a defendant United States District Judge Robert H. Cleland and John Does 1-5. A judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).

Judicial employees are similarly immune from suit on claims for monetary damages for their performance of court functions as judicial designees. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator executing court order entitled to absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit). Absolute immunity in a *Bivens* action against a federal judge has been extended to requests for injunctive or equitable relief. *See Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)); *Taylor v. Roberts*, No. 06-10846, 2006 WL 752764, *1 (E.D. Mich. March 20, 2006). Any allegations against Judge Cleland or court employees relative to Plaintiff's criminal case and sentencing involve the performance of judicial and quasi-judicial duties. Judge Cleland and any court employees who may be identified as John Does 1-5 are absolutely immune from suit for such conduct. Accordingly, Plaintiff's claims against Judge Cleland and any federal court employees must be dismissed based upon immunity.

Second, Plaintiff has failed to state a claim against defendants John Does 1-5. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 or *Bivens*. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) ("[P]ersonal liability on any of the defendants.... must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."). Plaintiff has made no factual allegations against the John Doe defendants. Merely naming them on the face of the complaint is insufficient to state a claim for relief.

3

III.  Conclusion

For the reasons stated, the Court concludes that Judge Cleland and any court employees who may be identified as the John Doe defendants are absolutely immune from suit and that Plaintiff has failed to state a claim against the John Doe defendants. Accordingly, the Court **DISMISSES** Plaintiff's complaint with prejudice.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager